# CHARLESTON.

### State *v.* Norfolk & W. R'y. Co.

Submitted January 10, 1890.—Decided January 29, 1890.

SUNDAY—INDICTMENT.

Under sections 16, 17, c. 149, Code 1887, no indictment can be sustained against a railroad company for running trains on Sunday. There is no law to sustain such indictment.

*A. W. Reynolds* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

BRANNON, JUDGE:

This is the case of an indictment in the Circuit Court of Mercer county against the Norfolk & Western Railroad Company, charging that on a Sabbath day, the 5th day of August, 1888, it was found laboring at its usual calling, that

of a common carrier, and did then run over its railroad a locomotive and twenty cars attached, the same not being used in household or other work of necessity or charity, or the transportation of the mail or passengers or their baggage. The defendant moved the court to quash the indictment, and demurred to it, but its motion to quash and demurrer were overruled. A jury found the defendant guilty, and the court, overruling a motion for a new trial, rendered judgment against the company for five dollars fine and costs, to which judgment the company obtained this writ of error.

We hold that this prosecution can not be sustained. Since the decisions of this Court in the case of *State* v. *Railroad Co.*, 15 W. Va. 362, 24 W. Va. 783, sustaining a prosecution against a railroad sompany for running trains on Sunday, the statute relating to the subject has been greatly changed by chapter 123, Acts 1882. Sections 16, 17, c. 149, as found in the Codes of 1868 and 1887, respectively, read as follows, so far as pertinent: Code 1868, c. 149, § 16. "If a person, on the Sabbath day, be found laboring at any trade or calling, or employ his minor children, apprentices, or servants in labor or other business, except in household or other work of necessity or charity, he shall be fined not less than five dollars for each offence. And every day any such minor child or servant or apprentice is so employed shall constitute a distinct offence. Any person found hunting or shooting on the Sabbath day, or openly carrying fire-arms on that day, to the annoyance of the public, shall be guilty of a misdemeanor, and fined not less than five nor more than twenty dollars. But this provision as to carrying fire-arms and shooting shall not apply to any officer or person lawfully carrying such arms or shooting on the Sabbath day under any law of this State, or of the United States." Id. c. 149, § 17: "No forfeiture shall be incurred under the preceding section for the transportation on Sunday of the mail, or of passengers and their baggage." Code 1887, c. 149, § 16: "If a person on a Sabbath day be found laboring at any trade or calling, or employ his minor children, apprentices, or servants in labor or other business, except in household work or other work of necessity or charity, he shall be fined not less than five dollars for each offence; and

every day any such minor child or servant or apprentice is so employed shall constitute a distinct offence; and any person found hunting, shooting, or carrying fire-arms on the Sabbath day shall be guilty of a misdemeanor, and fined not less than five dollars." Id. c. 149, § 17: "No forfeiture shall be incurred under the preceding section for the transportation on Sunday of the mail, or of passengers and their baggage, or for running any railroad train or steamboat on the Sabbath day, or for carrying fire-arms or shooting on that day by any person having the right to do so under the laws of the United States or of this State."

Under the statute as found in the Code of 1868, a railroad company was held by this Court liable for running freight trains on Sunday. *State* v. *Railroad Co.*, 24 W. Va. 783. Under the law as it was before the act of 1882, it might have been a question whether the carriage of any freight by a railroad on Sunday could be tolerated, as, for instance, live-stock, fruit, vegetables, or any other perishable commodities, as a work of necessity; and, if it could be, it would be difficult to define with precision what instances would fall under the justification of necessity. The legislature in 1882, in view of the vast transportation on railroads and steam-boats necessary to meet the public wants and convenience and the demands of commerce, for reasons appearing to it satisfactory, intended to render, and by its said act did render, lawful the running of any and all railroad trains or steam-boats on Sunday, no matter what they were carrying—passengers, or freight of any kind. It seems to me that the simple presentation of the language of section 17, as found in the Code of 1868, contrasted with that of section 17, as found in the Code of 1887, will sustain this position without argument.

It is suggested that the words, "by any person having the right to do so under the laws of the United States or of this State," found in section 17, c. 149, Code 1887, qualify and limit the words providing that no forfeiture shall be incurred under section 16 for running railroad trains and steam-boats on the Sabbath. This contention is wholly untenable. It is not urged by the Attorney-General, but is, in effect, conceded by him as untenable. This construction would convict the Leg-

islature of inconsistency, making it in one breath give the right to run any train or steam-boat on Sunday, and in the next breath saying it would be lawful only where it was already lawful, thus taking away what it had just given. Where would there be any appreciable effect in the provision that no penalty would be incurred by running trains or steam-boats on Sunday? The grant of liberty would end where it began. Again, if those words qualify the clause relating to running trains and steam-boats, they qualify also the antecedent clause relating to transportation of mails and passengers. No one would claim this.

But we can give a reasonable office to the words in question by saying that they qualify the words which in the text of the statute they immediately adjoin and follow, namely, "or for carrying fire-arms or shooting on that day." They relate to the acts of carrying fire arms and shooting, not to the acts of running trains and steam-boats. In section 16 in the Code of 1868, as will be seen above, was found an exemption from the penalty for carrying fire-arms and shooting on Sunday, and this, in terms, related only to those acts in that Code. As section 17 performed the office of qualifying section 16, the draughtsman of the act of 1882, for better drafting, omitted it from section 16, and inserted it in section 17; but it has the same object by its presence in said section 17 in the Code of 1887 as it had in section 16 in the Code of 1868—that is, it applies to the acts of carrying fire-arms and shooting, and to those only.

As there is no law to sustain an indictment for running a railroad train on a Sabbath day, the indictment charged no offence, and the demurrer to it ought to have been sustained by the Circuit Court. Therefore the judgment complained of is reversed, the verdict set aside, and, this Court rendering such judgment as the Circuit Court should have rendered, it is here considered that the defendant's demurrer to the indictment be sustained, and said indictment quashed, and that the defendant go thereof without day.

REVERSED.